Honorable Lu Hardin State Senator 8th District 2505 W. 2nd Court Russellville, AR 72801
Dear Senator Hardin:
This is written in response to your request for an opinion concerning the Yell County delinquent real estate tax books, which the Yell County Collector took over from the County Clerk's Office in January, 1986. According to the facts outlined in your request, the Collector discovered that no lands had been certified to the State for nonpayment of real estate taxes since 1948. Your questions were:
1. Is there a statute of limitations on paying taxes?
 2. Where current taxes are paid but there remains some years back that are unpaid, can they collect those years with all penalties due? Also, if they collect and they notify the individuals and they refuse or can not pay, do they then certify to the State or leave it on their books?
 3. They also have pieces that are delinquent but do not exist on the tax books as such now. Can they certify these to the State Land Commissioner or do they have to identify each current land owner and notify them. This would be very expensive for the County to have to do. Would it be possible to just error them off to clear titles to this property?
Your questions have been answered in the order that they were presented.
Pursuant to Section 15 of Act 401 of 1979, there is a five year statute of limitations governing the collection of any tax for which a timely assessment has been made. Section 15 reads, in relevant portion:
 Where the assessment of any tax imposed by any State law has been made within the period of limitation properly applicable thereto, the tax may be collected by levy or proceeding in court, but only if the levy is made or the proceeding is begun within five (5) years after the date of the assessment of the tax.
Ark. Stat. Ann. 84-4715(a) (Repl. 1980) (emphasis added).
The answer to the first part of your second question, "where current taxes are paid, but there remains some years back that are unpaid, can they collect those years with all penalties due," is governed also by Ark. Stat. Ann. 84-4715(a) which provides a five (5) year limitation on actions to collect delinquent taxes that have been assessed properly. Pursuant to Ark. Stat. Ann. 84-4715(h) it appears that only those years of unpaid taxes falling within the five (5) year limitation may be collected. Whether the taxpayer has paid current taxes appears irrelevant, for pursuant to Ark. Stat. Ann. 84-805 (Repl. 1980), "when for any cause the taxes in any county, for any year, shall not be collected, the same shall be charged on the tax books for the next year, and collected by the same officers and in the same manner as the taxes of that year." (emphasis supplied) As you are aware, the use of "shall" in legislation generally is considered mandatory, not discretionary. Therefore, the Yell County Collector may collect, with penalties, only those past taxes not outside the five (5) year limitations period.
The answer to the second half of your second question, "also, if they collect and they notify the individuals and they refuse or can not pay, do they then certify to the State or leave it on their books," is governed by Ark. Stat. Ann. 84-1126, which provides in relevant portion:
 Hereafter all tax delinquent land upon which taxes have not been paid for two (2) years following the date the taxes were due shall be transferred to the Commissioner of State lands for collection and/or sale.
Ark. Stat. Ann. 84-1126 (Supp. 1985) (emphasis supplied).
Again, the use of "shall" in 84-1126 appears to make the transfer mandatory. Accordingly, they must certify the lands in question to the Commissioner of State Lands after two (2) years following the date the taxes were due.
Your third question also appears to fall within the ambit of Ark. Stat. Ann. 84-1126, insofar as whether such lands must be certified to the State Land Commissioner. The language of that statute appears to make such certification mandatory. Under Ark. Stat. Ann. 84-1128 (Supp. 1985), the Commissioner of State Lands, not the County Collector, is required to give notice of tax sales to delinquent property owners. However, the County Clerk still must notify the landowners of the delinquency by publishing a list of the delinquencies in a newspaper of general circulation within the county in which the land lies. Ark. Stat. Ann. 84-1126 (Supp. 1985).
Finally, although we could find no statutory authority that would allow the collector to "error off" the delinquencies from the tax books, you should note the effect of the five year statute of limitations discussed, infra.
I trust the foregoing will prove of material assistance to you. For purposes of this opinion, I have assumed that the lands in issue were assessed properly and entered on the county's delinquent real estate books. Further, if there exist material facts other than those outlined in your request, I might have to modify this opinion accordingly.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Frank J. Wills.